

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

May 13, 2024

BY CM/ECF

Honorable Victor Marrero
United States District Judge
500 Pearl Street
New York, New York 10007

    Re:   *United States v. Shamoon Rafiq*, 24 Cr. 98 (VM)

Dear Judge Marrero:

    The Government respectfully submits this letter in connection with the sentencing of the defendant, Shamoon Rafiq, which is scheduled for May 17, 2024 at 2 p.m. For the reasons set forth below, the Government respectfully submits that a Guidelines sentence of 60 months' imprisonment is appropriate in this case.

## The Offense Conduct

    In or about 2020, Rafiq engaged in a scheme to defraud victims in New York, California, and other locations into paying him millions of dollars for alleged investment interests in various pre-IPO stocks that he did not actually own or control. Rafiq was based in Singapore when he committed the fraudulent scheme.

    Rafiq engaged in sophisticated acts of deception in order to perpetrate his scheme, including creating a fake website for a prominent family office investment firm, fake email addresses to impersonate reputable investment professionals from the family office, and fake contracts and deal documents. Rafiq solicited millions of dollars from investment entities based on false claims that in exchange for their funds, he would sell them investment interests in pre-IPO stock in Airbnb, Inc. and other companies.

    Rafiq fraudulently obtained approximately $1,002,615 from one investment group located in California as part of his scheme, and almost succeeded in obtaining an approximately $9 million investment from an investment firm based in New York, New York (and one of that firm's foreign institutional clients), with the funds thankfully never released from an escrow account to Rafiq due to the discovery of the fraud.

## Procedural History

On or about August 25, 2020, a complaint was filed against Rafiq in this District charging him with one count of securities fraud, one count of wire fraud, and one count of aggravated identity theft. The United States subsequently sought Rafiq's extradition from Singapore, where he was located at the time.

Rafiq was incarcerated in Singapore on local fraud charges beginning on or about April 16, 2021. (PSR ¶ 62). Rafiq was then extradited to the United States on or about January 11, 2024. The Government understands that the last approximately three months of Rafiq's detention in Singapore (beginning on or about October 17, 2023) related to extradition matters in this case. Rafiq was presented in this District on January 12, 2024.

On February 22, 2024, Rafiq waived indictment, and entered a guilty plea to a one-count Information charging him with conspiracy to commit securities fraud and wire fraud, in violation of 18 U.S.C. § 371. Pursuant to the plea agreement, Rafiq's base offense level is six, with a 20-level increase because the offense involved more than $9,500,000 but less than $25,000,000 in intended loss, a two-level increase because the offense involved 10 or more victims and caused substantial hardship to one or more victims, and a two-level increase because a substantial part of the fraudulent scheme was committed outside the United States and the offense otherwise involved sophisticated means employed by the defendant, and a three-level decrease for acceptance of responsibility, resulting in a total offense level of 27. The plea agreement provides that Rafiq is in Criminal History Category II because of three criminal history points resulting from a 2004 fraud conviction in the Eastern District of New York, for which the defendant was sentenced to 41 months of imprisonment. The plea agreement states that Rafiq's stipulated Guidelines range is 78 to 97 months' imprisonment, but because the maximum term of imprisonment on Count One of the Information is 60 months' imprisonment, pursuant to U.S.S.G. § 5G1.1 the stipulated Guidelines sentence is 60 months' imprisonment. The plea agreement also provides that Rafiq will pay forfeiture and restitution, each in the amount of $1,002,615.

## Discussion

A sentencing judge must begin the process of imposing sentence by calculating the applicable Guidelines range. *See United States* v. *Corsey*, 723 F.3d 366, 375 (2d Cir. 2013) ("Even in cases where courts depart or impose a non-Guidelines sentence, the Guidelines range sets an important benchmark against which to measure an appropriate sentence."); *United States* v. *Adelson*, 441 F. Supp. 2d 506, 515 (S.D.N.Y. 2006) ("Where the Sentencing Guidelines provide reasonable guidance, they are of considerable help to any judge in fashioning a sentence that is fair, just, and reasonable."). After calculating the applicable Guidelines range, a court may impose a sentence above or below the Guidelines range in order to meet the sentencing goals set forth in Section 3553(a) if "the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into considering by the Sentencing Commission." 18 U.S.C. § 3553(b)(1). The sentencing goals identified in Section 3553(a) include, among other things, promoting respect for the law, providing just punishment, and

deterring criminal conduct.  *See United States* v. *Park*, 758 F.3d 193, 197 (2d Cir. 2014) (citing 18 U.S.C. § 3553(a)(2)).[1]

Here, a Guidelines sentence of 60 months' imprisonment would be sufficient but not greater than necessary to accomplish the goals of sentencing.  Such a sentence is appropriate for a number of reasons.

First, Rafiq's conduct was brazen and calculated.  It involved sophisticated acts of deception, including the creation of a fake website, fake email addresses to impersonate others, and fake contracts and deal documents.  This was not an isolated instance of poor judgment, but rather a long-running and premeditated scheme.

Second, Rafiq is a serial fraudster who was convicted in the Eastern District of New York approximately 20 years ago for conducting a virtually identical scheme.  Judge Block sentenced Rafiq to 41 months' imprisonment in that case for Rafiq's commission of a substantial pre-IPO investor fraud relating to purported shares of Google, with that fraud having an intended loss of approximately $3.7 million (substantially lower than the intended loss in this case).  That sentence plainly had little if any deterrent effect on Rafiq.

Third. Rafiq's fraud had a significant and harmful impact on his victims, as reflected in the two-level Guidelines enhancement for the offense involving 10 or more victims and causing substantial hardship to one or more victims.  The Government understands that one of the California victims in particular has lost substantial amounts of his personal savings accumulated over the course of a decade in direct and indirect losses, as detailed in the attached victim impact letter (which the Government requests be filed under seal as it contains identifying information about a victim).

Fourth, Rafiq's background indicates that he easily could have pursued a successful and law-abiding career.  Rafiq had a supportive family and the benefit of a good education in a highly marketable field (computer science), and he seems intelligent and highly capable.  He appears to have conducted a crass cost-benefit analysis that the personal benefit of seeking to defraud others of millions of dollars was worth the risk of imprisonment.  *See United States* v. *Heffernan*, 43 F.3d 1144, 1149 (7th Cir. 1994) (Posner, J.) ("Considerations of (general) deterrence argue for punishing more heavily those offenses that either are lucrative or are

---

[1] The full set of factors outlined in Section 3553(a) are: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) the four legitimate purposes of sentencing, namely the need (a) "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," (b) "to afford adequate deterrence to criminal conduct," (c) "to protect the public from further crimes of the defendant," and (d) "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner"; (3) "the kinds of sentences available;" (4) the Guidelines range itself; (5) any relevant policy statement by the Sentencing Commission; (6) "the need to avoid unwarranted sentence disparities among defendants;" and (7) "the need to provide restitution to any victims."  18 U.S.C. § 3553(a)(1)-(7).

difficult to detect and punish, since both attributes go to increase the expedited benefits of a crime and hence the punishment required to deter it."). A significant sentence here, exceeding the 41-month sentence imposed by Judge Block in the 2004 Eastern District case, is needed to change that calculus for Rafiq.

The Government acknowledges the mitigating factors cited in Rafiq's submission. However, the Government explicitly considered and accounted for a number of those factors in agreeing to permit Rafiq to plead to a count with a five-year statutory maximum, which reduced the Guidelines sentence in this case from 78 to 97 months' imprisonment to 60 months' imprisonment. Specifically, that resolution accounted for Rafiq consenting to extradition, waiving indictment and discovery, and entering into a plea agreement shortly after his arrival in the United States.

## Conclusion

For the reasons set forth above, the Government respectfully submits that a sentence of 60 months' imprisonment is appropriate in this case.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By:     /s/
Jared Lenow
Assistant United States Attorney
(212) 637-1068

cc: Florian Miedel (counsel for defendant)